IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VERONICA RAMIREZ,

    Plaintiff,

v.                                          Civ. No. 10-448 WJ/ACT

ANDREW TRUJILLO, BILL SNODGRASS,
ALLEN COOPER, ARLENE HICKSON,
GINA MARTINEZ, in their individual
capacities, and CORRECTIONS CORPORATION
OF AMERICA,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

THIS MATTER comes before the Court on Defendants CCA and Bill Snodgrass' Motion to Dismiss (Doc. 5), in which Defendant Andrew Trujillo has joined (Doc. 7). Defendants move to dismiss all of Plaintiff's civil rights allegations occurring from 2004 until March of 2007 as barred by a three-year statute of limitations, and to dismiss all of Plaintiff's state law allegations occurring from 2004 until March of 2008 as barred by a two-year statute of limitations. Plaintiff opposes the motion. For the reasons explained below, the motion is granted in part as to Defendant Snodgrass, and denied in part as to Defendants CCA and Trujillo.

**BACKGROUND**

This action was filed in state court on March 2, 2010. At all relevant times, Plaintiff Veronica Ramirez was incarcerated at the New Mexico Women's Correctional Facility ("NMWCF"). NMWCF is maintained and operated by Defendant CCA. Defendant Trujillo was employed by CCA as a corrections officer at NMWCF, and Defendants Snodgrass, Cooper, and

Hickson were employed consecutively as the warden at NMWCF. According to the complaint, Defendant Trujillo raped Plaintiff on multiple occasions over a period from 2004 to 2009, and threatened to extend her prison sentence if she reported any of his conduct. Defendant Snodgrass is alleged to have been aware of the situation between Defendant Trujillo and Plaintiff Ramirez, but to have failed to take any action. The complaint further alleges that Defendants CCA and the collective wardens failed to prevent the sexual abuse through deficient training, supervision, and procedures, and that they created a climate of fear and retaliation with respect to the reporting of staff misconduct.

Defendants Trujillo, CCA, and Snodgrass now move to dismiss any of the allegations that stem from conduct occurring outside of the statute of limitations period. Defendants wish to dismiss Plaintiff's allegations occurring prior to March of 2007 as barred by a three-year statute of limitations under federal law, and to dismiss all of Plaintiff's state law allegations occurring prior to March of 2008 as barred by a two-year statute of limitations. Defendants point out that the specific factual allegations in the complaint occurred between 2004 and 2006, four to six years before the filing of this lawsuit. Defendant Snodgrass further argues that because there are no allegations related to his conduct occurring after his retirement on June 1, 2006, he must be dismissed from this action entirely.

Plaintiff responds by arguing that statutory tolling applies with respect to the administrative grievance she filed on January 26, 2009, and that both statutes of limitations should be equitably tolled under either the doctrine of continuing violations or the theory that Plaintiff was prevented from filing a timely complaint due to Defendants' culpable conduct.

**DISCUSSION**

Claims for violation of constitutional rights brought under 42 U.S.C. § 1983 are governed

by the personal injury statute of limitations under the relevant state's law. *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). In New Mexico, that statute of limitations is three years. *See* N.M. Stat. Ann. § 37-1-8. Claims brought against a New Mexico governmental entity or a state employee must be brought pursuant to the New Mexico Tort Claims Act ("NMTCA"), which contains a two-year statute of limitations. N.M. Stat. Ann. § 41-4-15 (1978).[1] Federal law governs the question of when the federal claims first accrued, but state law governs any tolling of this period for both the federal claims and the state claims. *Mondragon*, 519 F.3d at 1082.

## I.    Statutory Tolling

Plaintiff argues that her claims should be statutorily tolled for an "undetermined" period of time due to the filing of a mandatory grievance on January 26, 2009 through the prison's administrative system. *See* N.M. Stat. Ann. § 37-1-12. Plaintiff argues that she is unable to determine how long the grievance remained in force without engaging in discovery on the issue. It is evident from the face of the grievance, however, that it could not have remained in force after it was rejected and returned to Plaintiff on February 27, 2009. Therefore, the statutory period was tolled for at most one month. This argument cannot help Plaintiff survive a motion to dismiss any allegations occurring before February of 2007 for her constitutional law claims, or February of 2008 for her state law claims.

## II.   Continuing Violations

Plaintiff next argues that the doctrine of continuing violations applies to this case, under

---

[1] It is not at all clear that CCA is a "governmental entity" under the NMTCA. *See Giron v. Corr. Corp. of Am.*, 14 F. Supp. 2d 1245, 1252 (D.N.M. 1998). Nonetheless, Plaintiff's complaint specifically invokes the NMTCA, and no party disputes its application.

which Defendants' conduct should be considered to be one continuing violation that happened from 2004 until 2009. Although Plaintiff characterizes this as an "equitable tolling" argument, the doctrine of continuing violations goes to the question of when the claim accrued, not whether the statutory period should be tolled. "[W]here a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury. In other words, the statute of limitations does not begin to run until the wrong is over and done with." *Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1430-31 (10th Cir. 1996) (internal quotation marks omitted) (citations omitted). Therefore, federal law applies with respect to the federal claims. *Mondragon*, 519 F.3d at 1082 (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

The Tenth Circuit has not, however, extended the doctrine of continuing violations to § 1983 claims. *See Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (refusing to consider expanding the doctrine beyond allegations of conspiracy under § 1983); *Wood v. Milyard*, No. 09-cv-00806, 2010 WL 1235653, at *6 (D. Colo. Jan. 6, 2010) (noting that Tenth Circuit has not specifically applied the doctrine to § 1983 cases). The Court declines to so extend the doctrine in the absence of guidance from the circuit. Furthermore, the purpose behind the doctrine is to ensure that "the statute of limitations [does] not begin to run until a reasonable person would be aware that his or her rights have been violated." *Martin v. Nannie & Newborns, Inc.*, 3 F.3d 1410, 1415 (10th Cir. 1993), *overruled on other grounds as recognized in Boyer v. Cordant Techs., Inc.*, 316 F.3d 1137, 1140 (10th Cir. 2003). To that end, the doctrine aims to capture discrete instances of conduct that are not actionable alone, but which, taken together over a period of time, constitute an unlawful practice – such as a hostile work environment claim. *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1185 (10th Cir. 2003). Viewed in this light, the doctrine is clearly inapplicable to Plaintiff's claims. Each specific act Plaintiff complains of was

actionable at the time it happened. This applies with respect to Defendant Trujillo's acts – the unwanted sexual advances and rapes – as well as any unconstitutional policy or custom in place before February of 2007. No set of facts could be proven by Plaintiff in this case that would establish otherwise.

As for Plaintiff's state law claims, New Mexico courts also recognize that "the statute begins to run once [a plaintiff] knows or should know sufficient facts to constitute a cause of action." *Martinez-Sandoval v. Kirsch*, 884 P.2d 507, 513 (N.M. Ct. App. 1994). This principle will bar Plaintiff's state law theory as it does her federal law argument. Moreover, the Court cannot find a single case in New Mexico that has applied the "continuing wrong" doctrine in circumstances similar to the present case. *Cf. Ulibarri v. State of N.M. Corr. Acad.*, 131 P.3d 43, 47 (N.M. 2006) (doctrine not applicable for sexual harassment and retaliation claims); *Bishop v. Evangelical Lutheran Good Samaritan Soc'y*, No. 25,510, 2010 WL 3998030, at *8 (N.M. Ct. App. Feb. 9, 2010) (claim for monthly overcharge on service fees by senior retirement community); *Smith v. Enmrsh, Inc.*, No. 28,449, 2009 WL 6667447, at *7 (N.M. Ct. App. Nov. 10, 2009) (defamation suit); *Tull v. City of Albuquerque*, 907 P.2d 1010, 1011-12 (N.M. Ct. App. 1995) (failure-to-promote claim); *Ealy v. Sheppeck*, 669 P.2d 259, 260 (N.M. Ct. App. 1983) (medical malpractice claim). The few cases that do apply it do so in different circumstances from personal injury claims. *See Plaatje v. Plaatje*, 95 N.M. 789, 626 P.2d 1286, 1287-88 (N.M. 1981) (the right to receive retirement benefits accrued with each monthly installment, rather than at the time of the divorce when the benefits were divided); *Valdez v. Mountain Bell Tele. Co.*, 755 P.2d 80, 84 (N.M. Ct. App. 1988) (new cause of action accrued on a negligently built utility pole which caused injury to plaintiff's property each time it rained or snowed). Thus, the doctrine of continuing violations does not apply to any of Plaintiff's claims against any

Defendant.

**III.     Equitable Tolling**

Plaintiff argues that Defendants threatened to retaliate against her, and did in fact retaliate against her, for complaining about Defendant Trujillo's abuse. This, according to Plaintiff, supports an argument for equitable tolling of the statute of limitations. As discussed above, state law applies to Plaintiff's tolling argument for both her federal and state claims. New Mexico has yet to define the contours of this doctrine – the seminal case discussing equitable tolling did so while applying federal law, *see Ocana v. Am. Furniture Co.*, 91 P.3d 58, 66 (N.M. 2004) – but it is clear that New Mexico recognizes the same principles under the doctrine of equitable estoppel. "[A] party may be estopped from asserting a statute-of-limitations defense if that party's conduct has caused the plaintiff to refrain from filing an action until after the limitations period has expired." *In re Drummond*, 945 P.2d 457, 462 (N.M. Ct. App. 1997) (citing *Molinar v. City of Carlsbad*, 735 P.2d 1134, 1137 (N.M. 1987)). The allegations that Defendant Trujillo informed Plaintiff that she could face additional prison time for complaining of his actions, that he continually engaged in threatening conduct, and that Defendants CCA and the collective wardens instituted policies that led inmates to fear retaliation for complaining of misconduct by prison personnel are sufficient to state a basis for equitable estoppel.

Defendant Snodgrass, however, must be dismissed even if equitable tolling applies. There is no allegation in the Complaint of any threats by this Defendant, save an occurrence in "approximately 2005." Compl. ¶ 14. As Defendants point out, Snodgrass retired as warden in 2006, thus eliminating the possibility that any actions he took against Plaintiff fell within the statutory period. Any policy created, implemented, or maintained by him would fall outside the statutory period. Equitable tolling will not apply to the claims against him when Plaintiff could

not have felt threatened by him after 2006.

Finally, the Court is somewhat skeptical that Plaintiff will actually be able to succeed on this argument at later stages of this case. Plaintiff's allegations against the institutional defendants are borderline insufficient to support her arguments. Plaintiff does not point to a single statement or act on the part of any Defendant besides Trujillo to support her allegation. Plaintiff does not specify how the Defendants created a climate of fear of retaliation, or identify a single policy or custom responsible for this climate of fear. She simply asserts – rather conclusorily – that there was such a climate. Compl. ¶ 28.  This is enough to allow discovery to proceed on her untimely claims, but barely. Similarly, Plaintiff will need to be far more specific in alleging acts that prevented her from filing a lawsuit right up until March of 2010. The only specific and concrete threat of retaliation occurred in 2004. Compl. ¶ 13. This is not sufficient to toll the statute for the *next six years*. Moreover, it appears that Plaintiff complained of her treatment at Defendant Trujillo's hands in early 2009. Compl. ¶ 41. Plaintiff would need to explain why the threats of retaliation prevented her from filing a civil suit in early 2009, but not an administrative grievance. Equitable tolling or estoppel will not excuse untimely suits if the reasons a claim is tolled cease to apply while there is still time to file suit within the statutory period. *Cf. Tomlinson v. George*, 61 P.3d 195, 198 (N.M. Ct. App. 2002) ("[E]quitable tolling is not available when a plaintiff discovers the fraudulent concealment . . . in adequate time to file the action within the . . . statutory period if ordinary diligence is exercised."). Although it is difficult to conceive of a sufficient explanation for Plaintiff's long delay, this nonetheless presents a factual matter which is inappropriate for resolution on a motion to dismiss.

**THEREFORE,**

**IT IS ORDERED THAT** Defendants' Motion to Dismiss (Doc. 5) is GRANTED IN

PART as to Defendant Bill Snodgrass, who is hereby dismissed from this action on all claims, and DENIED IN PART as to Defendants CCA and Trujillo.

_____
UNITED STATES DISTRICT JUDGE